## KENNEY v. WABASH R. CO.
### No. 13680.

United States Court of Appeals
Fifth Circuit.

April 22, 1952.

Rehearing Denied June 4, 1952.

Lansing L. Mitchell, Asst. U. S. Atty., Louis B. Porterie, New Orleans, La., for appellant.

James J. Morrison, New Orleans, La., Albert E. Schoenbeck, St. Louis, Mo., for appellee.

Before HOLMES, BORAH and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This action by Robert H. Kenney against the Wabash Railroad Company was brought under the provisions of the Merchant Marine Reemployment Act, as amended, 50 U.S.C.A.Appendix, § 1471 et seq., seeking a judgment ordering his restoration to the position which he formerly held with the defendant railroad. The case was tried by the court without a jury on stipulated facts and plaintiff's claim to reemployment was rejected and judgment entered dismissing the action. From this adverse judgment Kenney appeals.

The court found that Kenney was employed by the Wabash Railroad Company from November 1, 1940, to November 30, 1943, when he terminated his employment solely for the purpose of accepting civilian employment in the United States War Department Army Transportation Corps; that during the period from January 1, 1944, to February 12, 1945, Kenney served as a civilian officer and member of the crew on various vessels owned by, chartered to, or operated by or for the account or use of the War Department; that he was never an enrollee in the United States Maritime Service on active duty; that on March 17, 1945, March 26, 1948, April 13, 1948, April 27, 1948, and June 17, 1948, he applied to the railroad for reinstatement to the position he formerly held but on each occasion his application for reemployment was denied; and that he was not issued a certificate of substantially continuous service until June 10, 1948.

On the basis of these uncontroverted facts the trial judge concluded that at the time Kenney made his initial application for reinstatement to his former position the Act of June 23, 1943, 50 U.S.C.A.Appendix, § 1471 et seq.,[1] determined and controlled his rights to reemployment, and, since he did not leave his position with the railroad in order to perform service in the Merchant Marine as that term was then

---

1. The Act of June 23, 1943, c. 142, 57 Stat. 162, reads in part as follows:
"* * * when used in this Act the term 'service in the merchant marine' means service as an officer or member of the crew on or in connection with a vessel documented under the laws of the United States or a vessel owned by, chartered to, or operated by or for the account or use of the Administrator, as an enrollee in the United States Maritime Service on active duty, and, to such extent as the Administrator shall prescribe, any period awaiting assignment to such service and any period of education or training for such service in any school or institution under the jurisdiction of the Administrator. Any person entering service in the merchant marine after May 1, 1940 * * * who, in accordance with rules and regulations prescribed by the Administrator, War Shipping Administration, completes a period of substantially continuous service in the merchant marine, shall be entitled to a certificate to that effect from the Administrator upon completion of such period, which shall include a record of any special proficiency or merit obtained.

"Sec. 2. (a) In the case of any such person who, in order to perform service in the merchant marine, has left or leaves a position * * * in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within forty days after completion of such service * * *."

defined in the Act, he therefore had no possible right to relief save under the terms of the Amendment.[2] And, in respect to his right to reemployment under the terms of the Act as amended, the court held that even if Kenney made timely application for reemployment and furnished the certificate of substantially continuous service to which he became entitled by the terms of the amendment, his delay of almost two years in procuring such certificate and making proper application barred his right to reemployment.

We are in agreement with the opinion of the district judge, that Kenney's unexplained delay of almost two years in procuring the certificate of substantially continuous service after he became eligible to receive such certificate and the consequent delay in making proper application for reemployment barred his action. An employee seeking to avail himself of the reemployment provisions of the Act must comply with the procedure set forth therein. The statute clearly states that in the case of a person who has left his employment in order to perform service in the merchant marine and who (1) receives a certificate of substantially continuous service, and (2) makes application for reemployment within ninety days after completion of such service, shall be restored to his former position. Kenney left his employment with the Wabash Railroad Company on November 30, 1943, and left the service of the War Department on February 12, 1945. Thereafter, on March 17, 1945, he first made application for reemployment. At that time he was not entitled to a certificate of substantially continuous service and had no reemployment rights under the Act. On August 8, 1946, the Act was amended by redefining the term "service in the merchant marine" so as to include service of the type performed by. Kenney. Thus on August 8, 1946, Kenney became entitled to a certificate but such certificate was not obtained until June 10, 1948.

Whether or not an applicant for reemployment must have a certificate at the time he makes his application for reemployment, we need not decide. See Parliman v. Delaware, L. & W. R. R., 3 Cir., 163 F.2d 726, 730. In any view of the matter, an unexplained delay of over twenty-two months in obtaining the certificate is clearly unreasonable.

The judgment appealed from is affirmed.

2. The Act was amended on August 8, 1946, by c. 867, 60 Stat. 905, which reads in part as follows:

"* * * * effective as of June 23, 1943, the Act entitled 'An Act to provide reemployment rights for persons who leave their positions to serve in the merchant marine, and for other purposes', approved June 23, 1943 (57 Stat. 162), is amended to read as follows: (a) When used in this Act the term 'service in the merchant marine' means (1) service as an officer or member of the crew on or in connection with a vessel documented under the laws of the United States or a vessel owned by, chartered to, or operated by or for the account or use of the Administrator, as an enrollee in the United States Maritime Service on active duty, * * *; and (2) service as a civilian officer or member of the crew on or in connection with a vessel owned by, chartered to, or operated by or for the account or use of the War Department. (b) Any person entering service in the merchant marine after May 1, 1940, and before the termination of the unlimited national emergency declared by the President on May 27, 1941, who, in accordance with rules and regulations prescribed by the Administrator, War Shipping Administration, completes a period of substantially continuous service in the merchant marine, shall be entitled to a certificate to that effect from the Administrator upon completion of such period, which shall include a record of any special proficiency or merit obtained."

Section 2 of the amended act, in so far as here material, is the same as the quoted portions of the original act except that it extends the time for making application to ninety days.